**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**

| | |
|---|---|
| COSMETIC DERMATOLOGY, LLC, d/b/a DR. BRANDT SKINCARE<br><br>                     Plaintiff,<br><br>     v.<br><br>PROVENCE BEAUTY, LLC<br><br>                   Defendant. | CASE NO.: |

Plaintiff Cosmetic Dermatology, LLC d/b/a Dr. Brandt Skincare ("Dr. Brandt" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Provence Beauty, LLC ("Provence Beauty"), for trademark infringement and unfair competition in violation of federal law and the common law of Florida, and alleges as follows:

## NATURE OF THE ACTION

1.　　Dr. Brandt brings this action for: (i) trademark infringement of its federally registered trademark NO MORE BAGGAGE®, under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a); (ii) unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) substantial and related claims of trademark infringement under the common law of the State of Florida; and (iv) substantial and related claims of unfair competition under the common law of the State of Florida, all arising from Provence Beauty's unauthorized use of the confusingly similar and infringing trademark NO BAGGAGE on and in connection with skincare products.

2.　　Dr. Brandt seeks preliminary and permanent injunctive, as well as monetary relief.

## PARTIES

1

3.      Plaintiff Dr. Brandt is a Florida limited liability company with a principal place of business at 10400 NW 21st Street 104, Doral, Florida 33172.

4.      Defendant Provence Beauty is a California limited liability company with a place of business at 17021 Kingsview Ave, Carson, California 90746.

## JURISDICTION AND VENUE

5.      This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, and the common law of the State of Florida.  As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

6.      This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b), and 15 U.S.C. § 1121.

7.      This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a) because the common law claims are integrally related to Plaintiff's federal claims and are part of the same case or controversy and arise from a common nucleus of operative facts.

8.      This Court has personal jurisdiction over Provence Beauty pursuant to Fla. Stat. §§ 48.193(1)(a)(1) because the causes of action arise from Defendant's operating, conducting, engaging in, and carrying on a business in Florida.  Indeed, Provence Beauty sells its products in at least eighty-seven (87) different locations and/or stores in the State of Florida, including upon information and belief, the infringing NO BAGGAGE products.  This Court also has personal jurisdiction over Provence Beauty pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because, upon information and belief, Provence Beauty purposefully directed its tortious activities toward Florida and toward residents of Florida, and committed tortious acts within Florida, including but not limited to through advertising and selling products bearing the infringing mark to consumers in

Florida, through a highly interactive website that is accessible to the entire United States, despite its knowledge of Dr. Brandt's NO MORE BAGGAGE® trademark, and despite its knowledge that Dr. Brandt is based in Florida and that Provence Beauty's tortious actions would result in damages to Dr. Brandt in Florida.  As such, Provence Beauty should reasonably expect that its activities might have consequences herein.

9.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the relevant events, including Defendant's tortious actions, particularly its trademark infringement, unfair competition and false designation, occurred in this District.

**DR. BRANDT'S BUSINESS AND INTELLECTUAL PROPERTY**

10.     Dr. Brandt, founded in 1995, is a well-known provider of high quality skincare products and dermatological services.  Dr. Brandt was founded by Dr. Frederic Brandt, a prominent and sought after dermatologist who revolutionized the skincare industry.

11.     Dr. Brandt has spent nearly 30 years building its brand to become a leading provider of skincare products and dermatological services throughout the United States, including the State of Florida, and beyond.

12.     Dr. Brandt continues to develop revolutionary skincare products, and works with a panel of skincare specialists who inform and influence the development of new Dr. Brandt products.

13.     In connection with its provision of skincare goods and services, Dr. Brandt has adopted and continuously used a large family of trademarks.

14.     Specifically, Cosmetic Dermatology, LLC is the owner of the incontestable U.S. federal trademark NO MORE BAGGAGE®, which was issued by the United States Patent and Trademark Office ("USPTO").  *See* Exhibit 1.

15.     On March 17, 2017, Cosmetic Dermatology filed an application for registration of the word mark NO MORE BAGGAGE® in the USPTO on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq.  This application was assigned Serial No. 87375318, and covers the use of this mark in connection with "Skin creams, skin lotions, skin moisturizers, skin emollients, skin masks, skin cleansers, skin toners, eye creams and non-medicated skin serums; exfoliant creams" in International Class 3.  The date of first use of the NO MORE BAGGAGE® Mark is at least as early as July 31, 2017.  This application was allowed by the USPTO and issued as Registration No. 5536668 on August 7, 2018.  This registration has acquired incontestable status with the approval of its Section 15 Declaration.  This registration is active and valid.

16.     The NO MORE BAGGAGE® Mark is used in connection with a variety of skincare products, including eye cream, and Cosmetic Dermatology has consistently used and maintained the NO MORE BAGGAGE® Mark as a unique source identifier for its skin care, eye cream and other high quality products.

17.     Dr. Brandt's skincare products, including the NO MORE BAGGAGE® line of products, are sold in retail stores, such as Ulta Beauty, Inc. ("Ulta") and Sephora USA, LLC ("Sephora"). The NO MORE BAGGAGE® collection is also sold online via the websites of third-party e-commerce sites and Dr. Brandt's website located at www.drbrandtskincare.com.

18.     The NO MORE BAGGAGE® Mark is strong and inherently distinctive.  Since 2017, the NO MORE BAGGAGE® Mark has developed invaluable goodwill and a strong reputation within the skincare industry as a designator of source of Dr. Brandt's goods.

19.     Dr. Brandt's NO MORE BAGGAGE® Mark has become well-known throughout the skincare industry.  Through its widespread, continuous, and substantially exclusive use of the NO MORE BAGGAGE® Mark to identify Dr. Brandt's goods and Dr. Brandt as their source, Dr.

Brandt owns valid and subsisting federal statutory and common law rights in the NO MORE BAGGAGE® Mark.

20.     Dr. Brandt has expended significant time, money, and resources marketing, advertising, and promoting its goods under the NO MORE BAGGAGE® Mark.

21.     The market success of the goods offered under the NO MORE BAGGAGE® Mark has been extraordinary, and the relevant public has come to rely upon and recognize Dr. Brandt's goods by the NO MORE BAGGAGE® Mark.

22.     Dr. Brandt engages in significant efforts to enforce its intellectual property rights and to defend its NO MORE BAGGAGE® Mark against infringers and potential infringers.

23.     Dr. Brandt has repeatedly notified Provence Beauty of the NO MORE BAGGAGE® Mark and requested that Provence Beauty cease use of its NO BAGGAGE Designation (defined below) and/or any additional designations that are confusingly similar to the NO MORE BAGGAGE® Mark.

## PROVENCE BEAUTY'S UNLAWFUL CONDUCT

24.     Provence Beauty is a California company that markets and sells skincare products.

25.     Provence Beauty's products include eye creams, serums, cleansers, and face masks.

26.     In or about January 2023, over five years after Dr. Brandt's first use of the NO MORE BAGGAGE® Mark and subsequent federal registration of that Mark, Provence Beauty began use of the designation NO BAGGAGE (the "NO BAGGAGE Designation") in connection with eye cream.

27.     Provence Beauty advertises eye cream under its NO BAGGAGE Designation on its highly interactive website located at www.provencebeauty.com, in various retail stores, and via the websites of third-party e-commerce sites. Indeed, eye cream bearing the NO BAGGAGE

Designation is sold by Provence Beauty at the same Ulta retail stores at which Dr. Brandt's NO MORE BAGGAGE® are sold. *See*, Exhibit 2.

28.     The NO BAGGAGE Designation is confusingly similar in sound, appearance, and overall commercial impression to Dr. Brandt's NO MORE BAGGAGE® Mark.  It incorporates substantial portions of the NO MORE BAGGAGE® Mark.  The marks both begin with an identical term and end with the same dominant term "BAGGAGE".  Indeed, the only difference between the two marks is that Provence Beauty's NO BAGGAGE Designation does not include the term "MORE".  This is insufficient to meaningfully differentiate the marks.

29.     Moreover, Provence Beauty is actively using the NO BAGGAGE Designation in connection with eye creams.  This is an identical type of product as those which Dr. Brandt sells in connection with its NO MORE BAGGAGE® Mark.

30.     In addition, both Provence Beauty and Dr. Brandt offer their respective goods for sale in Ulta's retail stores and online.  Specifically, Provence Beauty's eye cream under its NO BAGGAGE Designation is offered at Ulta, and Dr. Brandt's eye cream under its NO MORE BAGGAGE® Mark is offered at Ulta:



31.     In fact, when searching for Dr. Brandt's NO MORE BAGGAGE® products on Ulta's website, ***Provence Beauty's infringing NO BAGGAGE products are the only other products included in the results***:



32.     Furthermore, Provence Beauty sells its products to Florida consumers in at least eighty-seven (87) different retail locations, including at least twenty-five (25) locations in this District, including upon information and belief, the infringing NO BAGGAGE products:





33.     Therefore, there is a direct overlap in goods, consumers, and channels of trade, as the Parties' products sold in connection with the marks are identical and/or highly similar, as well as sold at the same points of sale, the same channels of trade and to the same customers.

34.     After Dr. Brandt became aware of Provence Beauty's use the confusingly similar NO BAGGAGE Designation in connection with identical products, Dr. Brandt, through undersigned counsel, sent a cease and desist letter on December 6, 2023 to Provence Beauty, demanding that Provence Beauty cease use of the NO BAGGAGE Designation.

35.     However, despite Dr. Brandt's best efforts, the parties have been unable to resolve the dispute, and Provence Beauty continues its use of the infringing NO BAGGAGE Designation.

36.     Overall, Provence Beauty's use of the NO BAGGAGE Designation that is confusingly similar to the NO MORE BAGGAGE® Mark will mislead consumers into believing that Provence Beauty and/or the NO BAGGAGE Designation are affiliated with Dr. Brandt or its products, or that Provence Beauty is approved, sponsored, or supplied by Dr. Brandt, or vice versa. However, Provence Beauty is not affiliated with, or approved, sponsored, or supplied by Dr. Brandt, nor does it have any license, authority or rights to use its confusingly similar NO BAGGAGE Designation.

37.     In light of Dr. Brandt's use of NO MORE BAGGAGE® Mark dating back to at least as early as 2017, and its incontestable federal registration for the Mark, Dr. Brandt's NO MORE BAGGAGE® Mark has clear priority over Provence Beauty's NO BAGGAGE Designation which, upon information and belief, has only been used since in or about 2023.

38.     As noted, Dr. Brandt, through its counsel, communicated with Provence Beauty and its counsel regarding the NO BAGGAGE Designation.  During these communications, Dr. Brandt clearly put Provence Beauty on notice of Dr. Brandt's longstanding rights in its NO MORE

BAGGAGE® Mark and requested the cessation of use of the NO BAGGAGE Designation on the basis that it is likely to be confused with Dr. Brandt's NO MORE BAGGAGE® Mark when used in connection with identical and/or related products. *See*, Exhibit 3.

39.     By knowingly continuing use of the NO BAGGAGE Designation, Provence Beauty has adopted and is using a highly similar and confusing variation of Dr. Brandt's NO MORE BAGGAGE® Mark with the intent to trade off the enormous goodwill that Dr. Brandt has earned in its Mark, and to deceive and confuse the public into believing that the goods marketed under the NO BAGGAGE Designation are sponsored by, authorized by, associated with and/or originate from Dr. Brandt, when they do not and are not.

40.     Despite receiving actual notice of Dr. Brandt's long-standing intellectual property rights in the NO MORE BAGGAGE® Mark, to date, Provence Beauty has failed to discontinue use of the infringing NO BAGGAGE Designation as requested by Dr. Brandt.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
Lanham Act § 32, 15 U.S.C. § 1114

41.     Dr. Brandt repeats and re-alleges, and incorporates by reference, paragraphs 1-40 as though they were fully set forth at length herein.

42.     Dr. Brandt has used its NO MORE BAGGAGE® Mark since at least as early as 2017 in connection with its skincare goods.

43.     Dr. Brandt's NO MORE BAGGAGE® Mark is federally registered and, as such, the corresponding registration is evidence of Dr. Brandt's exclusive right to use the NO MORE BAGGAGE® Mark in connection with its skincare goods. 15 U.S.C. § 1115.

44.     Further, the NO MORE BAGGAGE® Mark has acquired incontestable status. Thus, the registration for the NO MORE BAGGAGE® Mark is conclusive evidence of the validity of the mark, of Dr. Brandt's ownership of the mark, and of Dr. Brandt's exclusive right to use the

registered mark in commerce in connection with the goods specified in the affidavit filed under the provisions of §1065 or the renewal applications filed under the provisions of § 1059. 15 U.S.C. §1115.

45.     The NO MORE BAGGAGE® Mark is inherently distinctive to both the consuming public and within the skincare and beauty industry for Dr. Brandt's skincare goods.

46.     Dr. Brandt's well-known NO MORE BAGGAGE® Mark and Provence Beauty's NO BAGGAGE Designation are similar with respect to sound, appearance, meaning, and create the same overall commercial impression.   The NO BAGGAGE Designation incorporates substantial portions of the NO MORE BAGGAGE® Mark.   Specifically, the NO BAGGAGE Designation starts with the same term, and ends with the same dominant term "BAGGAGE".   The removal of "MORE" is insufficient to meaningful differentiate the marks.

47.     These types of goods provided under the NO BAGGAGE Designation are identical to Dr. Brandt's goods offered under the NO MORE BAGGAGE® Mark.   Specifically, both parties are offering eye creams under the respective marks.

48.     Dr. Brandt and Provence Beauty market and sell their products to the same and/or similar consumers, in the same channels of trade and at the same points of sale, further enhancing the likelihood of consumer confusion.   Specifically, both parties sell their goods at the retailer Ulta.

49.     Dr. Brandt has not given consent to Provence Beauty to use the NO BAGGAGE Designation or any other similar mark to the NO MORE BAGGAGE® Mark.

50.     Provence Beauty's use of the NO BAGGAGE Designation for such similar goods has led and will likely lead to further confusion, mistake, or deception of the public within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), and will otherwise cause injury and damage to Dr. Brandt's NO MORE BAGGAGE® Mark, as well as its goodwill and

reputation.  In fact, actual confusion has already occurred through Ulta's website, as the results when searching for Dr. Brandt's NO MORE BAGGAGE® products include the infringing NO BAGGAGE products.

51.     Provence Beauty has infringed Dr. Brandt's trademark rights in interstate commerce through various acts, including using the NO BAGGAGE Designation in association with identical skincare products.  This unauthorized use by Provence Beauty constitutes infringement of Dr. Brandt's existing NO MORE BAGGAGE® Mark in violation of the Lanham Act, 15 U.S. C. § 1051 et seq., resulting in substantial and irreparable injury to Dr. Brandt's business, reputation, and goodwill.

52.     Provence Beauty's actions are likely to create the false and misleading impression that Provence Beauty and the products marketed under its NO BAGGAGE Designation are sanctioned, assigned, or authorized by Dr. Brandt when they are in fact not.

53.     Conversely, Provence Beauty's actions are likely to lead consumers to conclude, incorrectly, that Dr. Brandt's NO MORE BAGGAGE® Mark originates from Provence Beauty, which will damage the public, Dr. Brandt, and the NO MORE BAGGAGE® Mark.  In addition, Provence Beauty's unauthorized use of the NO BAGGAGE Designation has the potential to lead consumers to believe that Dr. Brandt is an unauthorized infringer, which is in fact untrue and misleading.  As such, Provence Beauty's unauthorized use of the NO BAGGAGE Designation in interstate commerce as described above also constitutes reverse trademark infringement.

54.     Provence Beauty's conduct, if not enjoined, has caused and will continue to cause irreparable damage to Dr. Brandt and its business, reputation, and goodwill.  Dr. Brandt's damages from the aforesaid unlawful actions Provence Beauty, to the extent ascertainable, have not yet been determined.

55.     By the forgoing actions, Provence Beauty has engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

56.     Dr. Brandt seeks attorney's fees and costs given the willful conduct of Provence Beauty.

57.     Dr. Brandt seeks treble damages given the willful conduct of Provence Beauty.

## COUNT II
## FEDERAL UNFAIR COMPETITION
Lanham Act § 43(a), 15 U.S.C. § 1125(a)

58.     Dr. Brandt repeats and re-alleges, and incorporates by reference, paragraphs 1-40 as though they were fully set forth at length herein.

59.     The NO MORE BAGGAGE® Mark is a valid and enforceable registered trademark entitled to protection under the Lanham Act.

60.     The NO MORE BAGGAGE® Mark is inherently distinctive to both the consuming public and within the skincare and beauty industry for Dr. Brandt's skincare goods.

61.     Long after Dr. Brandt's adoption and use of its NO MORE BAGGAGE® Mark, Provence Beauty adopted and began using the confusingly similar NO BAGGAGE Designation in connection with identical types of skincare products.

62.     Dr. Brandt has not given consent to Provence Beauty to use the NO BAGGAGE Designation or any other confusingly similar mark to the NO MORE BAGGAGE® Mark.

63.     Provence Beauty's activities are likely to cause further consumer confusion, or to cause mistake, or to deceive, causing great harm to Dr. Brandt's reputation and goodwill.

64.     Provence Beauty has unfairly competed with Dr. Brandt in interstate commerce by various acts, including using the confusingly similar NO BAGGAGE Designation in connection with identical types of skincare products.  This unauthorized use by Provence Beauty constitutes

unfair competition and has resulted in and will continue to result in substantial and irreparable injury to Dr. Brandt.

65.     The activities of Provence Beauty complained of herein constitute a willful and intentional tort, in derogation of Dr. Brandt's rights.  Acts of unfair competition commenced and have continued in spite of Provence Beauty's knowledge that the use of the NO BAGGAGE Designation in connection with skincare products was and is in contravention of Dr. Brandt's rights.

66.     Provence Beauty's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Dr. Brandt in its NO MORE BAGGAGE® Mark and in its business, reputation, and goodwill.  Dr. Brandt's damages from the aforesaid unlawful actions of Provence Beauty, to the extent ascertainable, have not yet been determined.

67.     Provence Beauty's aforesaid conduct is and was willful and/or intentional, thereby making this case exceptional under 15 U.S.C. § 1117(a).

68.     Dr. Brandt seeks attorney's fees and costs given the willful conduct of Provence Beauty.

69.     Dr. Brandt seeks punitive damages given the willful conduct of Provence Beauty.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT**
(Florida)

70.     Dr. Brandt repeats and re-alleges, and incorporates by reference, paragraphs 1-40 as though they were fully set forth at length herein.

71.     The NO MORE BAGGAGE® Mark is a valid and enforceable registered trademark entitled to protection under the Lanham Act and Florida law.

72.     Dr. Brandt has continuously used NO MORE BAGGAGE® Mark in interstate commerce and in Florida since at least as early as 2017 in connection with its skincare goods.

73.     The NO MORE BAGGAGE® Mark is inherently distinctive to both the consuming public and within the skincare and beauty industry for Dr. Brandt's skincare products.

74.     Provence Beauty began advertising and selling skincare products bearing the infringing NO BAGGAGE Designation in the same and similar channels as Dr. Brandt.

75.     Dr. Brandt has not given consent to Provence Beauty to use the NO BAGGAGE Designation or any other confusingly similar mark to the NO MORE BAGGAGE® Mark.

76.     Provence Beauty's actions constitute willful and deliberate use in commerce of a mark confusingly similar to Dr. Brandt's NO MORE BAGGAGE® Mark, which is likely to cause confusion, mistake, and deception as to the source of the products or of the origin, sponsorship, or approval by Dr. Brandt of the infringing products and services provided by Provence Beauty, or vice versa.

77.     This unauthorized use by Provence Beauty constitutes infringement Dr. Brandt's existing NO MORE BAGGAGE® Mark in violation of Florida law, resulting in substantial and irreparable injury to Dr. Brandt.

78.     Provence Beauty's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Dr. Brandt in its NO MORE BAGGAGE® Mark and in its business, reputation, and goodwill.  Dr. Brandt's damages from the aforesaid unlawful actions of Provence Beauty, to the extent ascertainable, have not yet been determined.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**
(Florida)

79.     Dr. Brandt repeats and re-alleges, and incorporates by reference, paragraphs 1-40 as though they were fully set forth at length herein.

15

80.     Provence Beauty's acts complained of herein constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of a trade or business, and therefore constitute unfair competition under the common law of the State of Florida.

81.     Provence Beauty's acts complained of herein were undertaken and performed in bad faith.

82.     Provence Beauty's unfair competition was and is willful and/or intentional.

83.     Provence Beauty's conduct, if not enjoined, will cause irreparable damage to the rights of Dr. Brandt in its NO MORE BAGGAGE® Mark and in its business, reputation, and goodwill.  Dr. Brandt's damages from the aforesaid unlawful actions of Provence Beauty, to the extent ascertainable, have not yet been determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Dr. Brandt prays for relief against Provence Beauty as follows:

1.     That the Court enter judgment against Provence Beauty and in favor of Dr. Brandt.

2.     That the Court preliminary and permanently enjoin and restrain Provence Beauty, its  officers, directors, agents, employees and all persons in active concert or participation with Provence Beauty who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

A.     infringing or contributing to the infringement of Dr. Brandt's NO MORE BAGGAGE® Mark;

B.     engaging in any acts or activities directly or indirectly calculated to infringe Dr. Brandt's NO MORE BAGGAGE® Mark;

C.     using, selling, offering for sale, promoting, advertising, marketing or distributing services and/or products, advertisements or marketing materials that use the phrase "NO BAGGAGE" or any mark similar thereto;

16

        D.      using any other mark, configuration or design that is confusingly similar to Dr. Brandt's NO MORE BAGGAGE® Mark; and

        E.      otherwise competing unfairly or deceptively with Dr. Brandt in any manner whatsoever.

3.      That the Court find that Provence Beauty has infringed and is infringing Dr. Brandt's NO MORE BAGGAGE® Mark.

4.      That the Court order Provence Beauty to account for and pay to Dr. Brandt the damages to which Dr. Brandt is entitled as a consequence of the willful infringement of Dr. Brandt's NO MORE BAGGAGE® Mark.

5.      That the Court order Provence Beauty to account for and pay to Dr. Brandt the damages to which Dr. Brandt is entitled as a consequence of Provence Beauty's acts of unfair competition.

6.      That the Court award Dr. Brandt its compensatory, incidental, and consequential damages.

7.      That the Court award Dr. Brandt enhanced, treble, and/or punitive damages as a result of Provence Beauty's intentional and knowing infringement.

8.      That the Court award Dr. Brandt its reasonable attorney's fees and the costs of this action.

9.      That the Court grant Dr. Brandt such other further relief as is just and proper.


DATED this 25th day of June, 2024.

                    COZEN O'CONNOR

By: */s/ Jonathan E. Gale*
    Jonathan E. Gale / Fla. Bar No. 106938
    Email: jegale@cozen.com
    James A. Gale / Fla. Bar No. 371726
    E-mail:  jgale@cozen.com
    Southeast Financial Center
    200 South Biscayne Blvd., Suite 3000
    Miami, Florida 33131
    Phone:  (305) 358-1991

***Attorneys for Plaintiff Cosmetic Dermatology,***
***LLC d/b/a Dr. Brandt Skincare***